ORIGINAL

1  DONALD F. ZIMMER, JR. (State Bar No. 112279)
   KRISTA L. COSNER (State Bar No. 213338)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  Attorneys for Defendants
   SMITHKLINE BEECHAM CORPORATION dba E-filing
6  GLAXOSMITHKLINE and McKESSON
7  CORPORATION

8                 UNITED STATES DISTRICT COURT                      EMC

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11 JERRY KELLUM as personal                Case No.
12 representative of GEORGE L. KELLUM,
   JR. (deceased),                         NOTICE OF REMOVAL AND
13                                         REMOVAL ACTION UNDER 28 U.S.C.
                Plaintiff,                 § 1441(B) (DIVERSITY) and 28 U.S.C. §
14                                         1441(C) (FEDERAL QUESTION) OF
        v.                                 DEFENDANT SMITHKLINE
15                                         BEECHAM CORPORATION dba
   SMITHKLINE BEECHAM                      GLAXOSMITHKLINE
16 CORPORATION dba
   GLAXOSMITHKLINE; and McKESSON
17 CORPORATION,

18              Defendants.

19

20

21 **TO THE CLERK OF THE COURT:**

22       Defendant Smithkline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"),

23 hereby removes to this court, the state action described below. Removal is warranted

24 under 28 U.S.C. § 1441 because this is an action over which this Court has original

25 jurisdiction under 28 U.S.C. §§ 1331 and 1332.

26 **I.    BACKGROUND**

27       1.    On November February 28, 2008, Plaintiff Jerry Kellum as Personal

28 Representative of the Estate of George L. Kellum, Jr., ("Plaintiff"), represented by The

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1  Miller Firm of Orange, Virginia, commenced this action in the Superior Court of the
2  State of California for the County of San Francisco. A true and correct copy of the
3  Complaint in the action is attached as Exhibit "A " to the Declaration of Krista L. Cosner
4  in Support of Notice of Removal and Removal Action under 28 U.S.C. § 1441(b)
5  (Diversity) and 28 U.S.C. § 1441(c) (Federal Question) of Defendant SmithKline
6  Beecham Corporation dba GlaxoSmithKline (hereinafter "Cosner Decl.").

7      2.      Neither defendant has yet been served with Plaintiff's Complaint.

8      3.      There have been no additional proceedings in the state court action. Cosner
9  Decl. ¶ 2.

10     4.      This is one of many cases that have been filed recently in both federal and
11  state court across the country involving the prescription drug Avandia®. Cosner Decl. ¶
12  6. Plaintiff's counsel, The Miller Firm, has filed Avandia cases in both state and federal
13  courts, but only in the cases filed in California has The Miller Firm named McKesson, or
14  any alleged distributor of Avandia, as a defendant. Cosner Decl. ¶ 7.

15     5.      On October 16, 2007, the Judicial Panel on Multidistrict Litigation
16  ("JPML") issued an order directing that then-pending Avandia-related cases be
17  transferred and coordinated for pretrial proceedings in the United States District Court for
18  the Eastern District of Pennsylvania, before the Honorable Cynthia M. Rufe, pursuant to
19  28 U.S.C. § 1407. *See* Transfer Order, *In re Avandia Marketing, Sales Practices and*
20  *Products Liability Litigation*, MDL 1871 (E.D.P.A.) (a true and correct copy of which is
21  attached as Exhibit "B" to Cosner Decl.). Additional Avandia-related cases pending in
22  federal court, which are common to the actions previously transferred to the Eastern
23  District of Pennsylvania and assigned to Judge Rufe, are treated as potential tag-along
24  actions. *See id.*; *see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001).
25  GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re*
26  *Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and
27  shortly will provide the JPML with notice of this action pursuant to the procedure for
28  "tag along" actions set forth in the rules of the JPML. Cosner Decl. ¶ 8.

1    6.    As more fully set forth below, this case is properly removed to this Court

2  pursuant to 28 U.S.C. § 1441 because GSK has satisfied the procedural requirements for

3  removal and this Court has subject matter jurisdiction over this action pursuant to 28

4  U.S.C. §§ 1331 and 1332.

5  ## II.    DIVERSITY JURISDICTION

6    7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

7  because this is a civil action in which the amount in controversy exceeds the sum of

8  $75,000, exclusive of costs and interest, and is between citizens of different states.

9  ### A.    Diversity Of Citizenship

10    8.    The Complaint names an individual plaintiff bringing suit in her

11  representative capacity. *See* Cosner Decl., Exh. A, ¶ 10:

12    a.    Plaintiff Jerry Kellum, surviving spouse of George L. Kellum Jr.,

13  alleges that she is a "resident" of the State of Louisiana. Accordingly, at the time this

14  action was commenced, she was a citizen of the State of Louisiana. *Id.* at ¶ 10.

15    9.    GSK is, and was at the time Plaintiff commenced this action, a corporation

16  organized under the laws of the Commonwealth of Pennsylvania with its principal place

17  of business in Philadelphia, Pennsylvania, and therefore, is a citizen of Pennsylvania for

18  purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Cosner Decl. ¶ 9.

19    10.    For the reasons set forth below, the remaining named defendant –

20  McKesson, a Delaware corporation, with its principal place of business in San Francisco,

21  California – has not been "properly joined and served" and is otherwise fraudulently

22  joined. *See* 28. U.S.C § 1441(b); and Cosner Decl. ¶ 3. Therefore, its citizenship must

23  be ignored for the purpose of determining the propriety of removal. *See McCabe v.*

24  *General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Waldon v. Novartis*

25  *Pharmaceuticals Corp.*, 2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 18, 2007).

26  ### B.    The Amount In Controversy Requirement Is Satisfied

27    11.    It is apparent on the face of the Complaint that Plaintiff seeks an amount in

28  controversy in excess of $75,000, exclusive of costs and interest.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

1    12.    Plaintiff alleges that her decedent ingested Avandia, and, as a result,

2    suffered a heart attack and died. *See* Cosner Decl. Exh. A, ¶ 34. Plaintiff further alleges

3    that Plaintiff's decedent "suffered severe and permanent physical injuries," and "endured

4    substantial pain and suffering and underwent extensive medical and surgical procedures."

5    *See id. at* ¶ 51:6-8.

6    13.    Plaintiff claims that her decedent "suffered extensive monetary and

7    pecuniary losses and other compensatory damages," and "incurred and paid out necessary

8    medical, hospital, and concomitant expenses." *See* Cosner Decl. Exh. A, ¶ 42:16-18.

9    14.    Plaintiff alleges that she has suffered economic loss, and has otherwise

10    been physically, emotionally and economically injured, and that her injuries and damages

11    are permanent and will continue into the future. *See* Cosner Decl. Exh. A, ¶ 51:10-12.

12    15.    Plaintiff seeks actual and punitive damages. *See* Cosner Decl. Exh. A, ¶

13    51:11-12.

14    16.    Punitive damages are included in the calculation of the amount in

15    controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

16    17.    Given the allegations set forth above, the face of the Complaint makes clear

17    that Plaintiff seeks an excess of $75,000, exclusive of interest and costs. *See Simmons v.*

18    *PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

19    **C.**    **The Citizenship of McKesson Must Be Ignored Because McKesson Has Not Been Properly Joined and Served**

20

21    18.    Under 28 U.S.C. § 1441(b), an action is removable only if none of the

22    parties in interest, *properly joined and served* as defendants, is a citizen of the State in

23    which such action is brought. 28. U.S.C § 1441(b) (emphasis added).

24    19.    McKesson, although a citizen of California, has not yet been served with

25    the Complaint in this case. Cosner Decl. ¶ 3.

26    20.    Accordingly, because there is complete diversity of citizenship and because

27    no "properly joined and served defendant" is a citizen of this State, it is appropriate that

this action be removed to this Court. *See Waldon v. Novartis Pharmaceuticals Corp.*,

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

4

1    2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 18, 2007); *see also* 28 U.S.C. § 1441(b).

2    **D.    The Citizenship Of McKesson Must Be Ignored Because McKesson Is**
     **Fraudulently Joined**

3

4    21.    A defendant is fraudulently joined, and its presence in the lawsuit is

5    ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of

6    action against the resident defendant, and the failure is obvious according to the settled

7    rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.

8    2001); *see also Hamilton Materials, Inc. v. Dow Chemical Corporation*, 494 F.3d. 1203,

9    1206 (9th Cir. 2007).

10    22.    McKesson is fraudulently joined because Plaintiff has failed to make any

11    material allegations against it. *See Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137

12    (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material

13    allegations against [the in-state defendants] are made"). Plaintiff specifically alleges that

14    Avandia was created and marketed by GSK; that GSK had longstanding knowledge of

15    Avandia-related dangers which GSK failed to adequately warn and disclose to

16    consumers; that GSK concealed, suppressed and failed to disclose these referenced

17    dangers; that GSK has represented and has continued to represent that it manufactures

18    and/or sells safe and dependable pharmaceuticals; that GSK has failed to adequately warn

19    or inform consumers, such as Plaintiff's decedent or Plaintiff's decedent's prescribing

20    physicians of known defects in Avandia; and that as a result of GSK's omissions and/or

21    misrepresentations, Plaintiff's decedent ingested Avandia. *See* Cosner Decl. Exh. A, at

22    ¶¶ 21:20, 25:4-7, 26:12-13, 27:15-1, 32:23-24, 33:1-2.

23    23.    Plaintiff fails to make any specific material assertions against McKesson,

24    and does not allege that the decedent ingested Avandia that was distributed by

25    McKesson, compelling the conclusion that Plaintiff has fraudulently joined McKesson in

26    an attempt to defeat diversity jurisdiction. *See e.g., Lyons v. American Tobacco Co.*, No.

27    Civ. A. 96-0881-BH-S, 1997 U.S. Dist. LEXIS 18365 (S.D. Ala. 1997) (holding that

28    there is "no better admission of fraudulent joinder of [the resident defendant]" than the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\396305\1    NOTICE OF REMOVAL AND REMOVAL                                    CASE NO.

1    failure of the plaintiff "to set forth any specific factual allegations" against them).

2    Plaintiff cannot cure this deficiency by simply relying on allegations directed toward

3    "Defendants" or GSK alone.

4      24.     In the body of the Complaint, Plaintiff assert claims of: (1) negligence; (2)

5    negligent failure to adequately warn; (3) negligence per se; (4) negligent

6    misrepresentation; (5) breach of express warranty; (6) breach of implied warranty; (7)

7    strict products liability – defective design; (8) strict products liability – manufacturing

8    and design defect; (9) strict products liability – failure to adequately warn; (10)

9    fraudulent misrepresentation; (11) violations of California Unfair Trade Practices and

10    Consumer Protection Law; (12) unjust enrichment; (13) wrongful death; (14) survival

11    action; (15) loss of consortium; and (16) punitive damages. In these allegations, Plaintiff

12    avers that collectively, "Defendants" or "Defendants GSK and McKesson," defectively

13    designed and manufactured the product; concealed knowledge of unreasonably dangerous

14    risks associated with the product; failed to conduct adequate and sufficient pre-clinical

15    testing and post-marketing surveillance of the product; failed to provide FDA with

16    complete and adequate information regarding the product; failed to warn consumers

17    and/or their health care providers of certain risks associated with the product; failed to

18    utilize adequate and non-misleading labeling; and made affirmative misrepresentations

19    and omissions regarding the risks associated with taking Avandia. All of these claims are

20    substantively based on the design and manufacture of the product, failure to warn,

21    fraudulent concealment, and inadequate pre-clinical testing and post-marketing

22    surveillance. As a wholesale distributor of Avandia, McKesson played no role in its

23    testing, marketing or advertising. All McKesson did was pass along unopened boxes of

24    Avandia, in unadulterated form, to hospitals and other businesses in the healthcare

25    industry. *See* Declaration of Greg Yonko paragraphs 6-7, attached as Exhibit "C" to

26    Cosner Decl.[1]

27

28       [1] The Declaration of McKesson's representative, Greg Yonko may be considered by the Court in

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

6

1    25.    Further, based on the "learned intermediary" doctrine, McKesson bore no

2    duty to warn Plaintiff's decedent. The "learned intermediary" doctrine, the foundation of

3    prescription drug product liability law, provides that the duty to warn about a drug's risks

4    runs from the manufacturer to the physician (the "learned intermediary"), and then from

5    the physician to the patient. *See Brown v. Superior Court* (*Abbott Labs.*), 44 Cal. 3d

6    1049, 1061-62, n.9 (1988); *Carlin v. Superior Court* (*Upjohn Co.*), 13 Cal. 4th 1104, 1116

7    (1996). It is the physician, and only the physician, who is charged with prescribing the

8    appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44 Cal.

9    3d at 1061-62.

10    26.    GSK and the FDA prepared the information to be included with the

11    prescription drug, Avandia, with the FDA having final approval of the information that

12    could be presented. Once the FDA has determined the form and content of the

13    information, it is a violation of federal law to augment the information. *See* 21 U.S.C.

14    §331(k) (prohibiting drug manufacturers and distributors from causing the "alteration,

15    mutilation, destruction, obliteration, or removal of the whole or any part of the labeling"

16    of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal.3d 1049, 1069

17    n.12 (noting that the FDA regulates the testing, manufacturing, and marketing of drugs,

18    including the content of their warning labels). Therefore, any safety and warning

19    information McKesson had about Avandia would have come from GSK in the form of

20    FDA-approved packaging and labeling. McKesson could not change the labeling it was

21    given by GSK as approved by the FDA without violating federal law. No duty can be

22    found where it requires a party to violate the law to fulfill it.

23    27.    As such, given the lack of a causal connection between the injuries alleged

24

25    determining whether McKesson is fraudulently joined. *Maffei v. Allstate California Ins. Co.*, 412
F.Supp.2d 1049 (E.D. Cal. 2006) ("[t]he court may pierce the pleadings, consider the entire record, and

26    determine the basis of joinder by any means available") *citing Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.
Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder…federal courts may look beyond

27    the pleadings to determine if the joinder…is a sham or fraudulent device to prevent removal"). *See also
Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (evidence may be presented by the

28    removing party that there is no factual basis for the claims pleaded against the local defendant).

1    by Plaintiff and McKesson's conduct, as well as the absence of any legal or factual basis

2    for Plaintiff's claims against McKesson, McKesson's joinder is fraudulent and its

3    citizenship should be ignored for purposes of determining the propriety of removal.

4    **III.    FEDERAL QUESTION JURISDICTION**

5        28.    This Court has federal question jurisdiction over Plaintiff's claims  under

6    28 U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v.*

7    *Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005).

8        29.    As more fully explained below, Plaintiff has made violations of federal law

9    critical elements of several of their claims.

10        **A.    Plaintiff's Claims Require Construction and Application of the FDCA
        and Its Implementing Regulations**

11

12        30.    Count III of Plaintiff's Complaint, "Negligence Per Se," explicitly alleges

13    that defendants violated federal law.  Plaintiff claims, *inter alia,* that "[d]efendants

14    "violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. Section 301 *et seq.,*

15    related amendments and codes and federal regulations provided thereunder, and other

16    applicable laws, statutes, and regulations."  *See* Cosner Decl. Exh A, ¶ 55.

17        31.    Plaintiff further claims that "[d]efendants' acts constituted an adulteration

18    and/or misunderstanding *[sic]* as defined by the Federal Food, Drug and Cosmetic Act,

19    21 U.S.C. § 331. . . ."  *See* Cosner Decl. Exh A, ¶ 57.

20        32.    Moreover, Count II of the Plaintiff's Complaint, "Negligent Failure to

21    Adequately Warn," and Count IX, "Strict Products Liability – Failure to Adequately

22    Warn," also require construction and application of the FDCA and implementing federal

23    regulations, which govern approval of prescription drugs and regulate prescription drug

24    manufacturers' public and promotional statements, including all aspects of warnings and

25    labeling.

26        33.    As a currently-marketed prescription drug, Avandia is subject to extensive

27    regulation by the FDA. The FDCA requires the FDA to ensure that "drugs are safe and

28    effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\396305\1        NOTICE OF REMOVAL AND REMOVAL                                    CASE NO.

1   officially reviewing clinical research and taking appropriate action on the marketing of
2   regulated products." 21 U.S.C. § 393(b)(1). The Secretary of the FDA has the authority
3   to promulgate regulations to enforce the FDCA, which are codified in the *Code of*
4   *Federal Regulations*, 21 C.F.R. § 200, *et seq. See* 21 U.S.C. § 371(a).

5       34.     To accomplish its purpose, the FDA maintains a Center for Drug
6   Evaluation and Research (the "CDER"). The CDER regulates pharmaceutical
7   companies' development, testing and research, and manufacture of drugs. The CDER
8   examines data generated by these companies to conduct a risk/benefit analysis and make
9   an approval decision. The CDER also ensures truthful advertising for prescription drugs,
10  in part by approving Package Inserts that properly outline benefit and risk information.
11  Once drugs are marketed, the CDER continues to monitor them for unexpected health
12  risks that may require public notification, a change in labeling, or removal of the product
13  from the market. In short, the CDER evaluates and monitors the effectiveness and safety
14  of prescription drugs. *See* http://www.fda.gov/cder/about/faq/default.htm.

15      35.     Promotional communications to physicians about Avandia are contained
16  within, and restricted by, warning, labeling, and promotional materials, such as the
17  Package Insert, that are approved and monitored by the FDA to ensure the provision of
18  accurate information about the drug's respective risks and benefits. Under federal
19  regulations, even claims in promotional labeling or advertising must be consistent with
20  approved labeling. *See* 21 C.F.R. § 202.1(e)(4) (2005).

21      36.     The FDA's responsibility to regulate prescription drugs sold in the United
22  States, and to enforce laws with respect to such drugs, inclusive of the precise content
23  and format of prescription drug labeling (*e.g.*, the instructions, warning, precautions,
24  adverse reaction information provided by manufacturers, and marketing materials), is
25  plenary and exclusive. *See* 21 U.S.C. § 301, *et seq*

26      37.     Plaintiff has explicitly alleged violations of federal law in her "Negligence
27  Per Se" claim, and has made alleged violations of federal law a critical element of her
28  "Negligent Failure to Adequately Warn" and "Strict Products Liability – Failure to

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

9

1  Adequately Warn" claims. Accordingly, Plaintiff's claims necessarily raise substantial

2  federal questions by requiring the Court to construe and apply the FDCA and its

3  implementing regulations.

4         **B.    Federal Control of Drug Labeling and Warning**

5         38.    On January 24, 2006, the FDA announced a rule that includes a detailed

6  and emphatic statement of the FDA's intention that its regulation and  approval of

7  prescription drug labeling preempt most state law claims related to the adequacy of

8  prescription drug warnings because such claims frustrate "the full objectives of the

9  Federal law." *See* Requirements on Content and Format of Labeling for Human

10  Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3934 (Jan. 24, 2006) ("FDA

11  believes that under existing preemption principles, FDA approval of labeling under the

12  act. . . . preempts conflicting or contrary State law."). *See also In re Bextra and*

13  *Celebrex Marketing,* 2006 WL 2374742 (N.D. Cal., August 16, 2006) (Celebrex

14  decision); *In re Bextra and Celebrex Marketing,* 2006 WL 2472484 (N.D. Cal., August

15  24, 2006) (Bextra decision).

16         39.    Plaintiff alleges that GSK failed to disclose certain risks of Avandia. *See*

17  *e.g.,* Cosner Decl. Exh. A, ¶ 25:5-7. This allegation necessarily requires Plaintiff to

18  establish that the FDA, which has exclusive jurisdiction over the labeling of drugs, would

19  have approved the warning the Plaintiff alleges should have been given.

20         40.    Accordingly, there is a substantial federal question with respect to whether

21  Plaintiff can claim that GSK violated state law in light of the FDA's control of Avandia's

22  labeling and warning and its position on conflict preemption.

23         **C.    The Federal Interest In Providing A Forum**

24         41.    The federal government has a strong interest in having a federal court

25  decide several of the issues in this case. Among these issues are:

26                a.    whether any conduct of GSK violated any federal laws or

27                       regulations related to the labeling and marketing of Avandia; and

28                b.    whether the FDA-approved Avandia label was false and misleading,

1                    as alleged by Plaintiff, and whether a state may impose liability on

2                    GSK for not providing more information regarding alleged risks, as

3                    Plaintiff contends GSK should have done.

4       42.     Plaintiff's claims may be vindicated or defeated only by construction of

5 federal statutes and regulations. The availability of a federal forum to protect the

6 important federal interests at issue is therefore consistent with *Grable*, and determination

7 by a federal court of the substantial and disputed federal issues that lie at the heart of this

8 case would not "disturb any congressionally approved balance of federal and state

9 judicial responsibilities." *Grable*, 125 S. Ct. at 2368.

10 ## IV.    CONFORMANCE WITH PROCEDURAL REQUIREMENTS

11       43.     This Court has jurisdiction over this matter based on federal question and

12 diversity of citizenship, and the present lawsuit may be removed from the Superior Court

13 of the State of California for the County of San Francisco, and brought before the United

14 States District Court for the Northern District of California pursuant to 28 U.S.C. §§

15 1331, 1332 and 1441.

16       44.    Neither GSK nor McKesson has been served with Plaintiff's Complaint.

17 Cosner Decl. ¶ 3. Therefore, this Removal has been timely filed. *See* 28 U.S.C. §

18 1446(b).

19       45.     Since neither GSK nor McKesson has been "properly joined and served" at

20 the time of filing this Removal, GSK is entitled to removal under the plain language of 28

21 U.S.C. § 1441(b). *See Waldon v. Novartis Pharmaceuticals Corp.*, 2007 U.S. Dist.

22 LEXIS 45809 (N.D. Cal. June 18, 2007). *See also* 28 U.S.C. § 1441(b); Cosner Decl. ¶

23 3.

24       46.     Moreover, although McKesson's consent to remove is not necessary

25 because it is fraudulently joined, McKesson nonetheless consents to removal. *See* Cosner

26 Decl. ¶ 10. *See also, e.g., Easley v. 3M Company, et al.*, 2007 WL 2888335 (N.D. Cal.

27 2007) *citing Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

28       47.     The United States District Court for the Northern District of California is

1    the federal judicial district encompassing the Superior Court of the State of California for

2    the County of San Francisco, where this suit was originally filed.  Venue therefore is

3    proper in this district under 28 U.S.C. § 1441(a).

4        48.    Pursuant to the provisions of 28 U.S.C §1 446(d), GSK will promptly file a

5    copy of this Notice of Removal with the clerk of the Superior Court of the State of

6    California for the County of San Francisco, where this suit was originally filed.

7        49.    Defendant reserves the right to amend or supplement this Notice of

8    Removal.

9        **WHEREFORE**, GSK respectfully removes this action from the Superior Court of

10   the State of California for the County of San Francisco to the United States District Court

11   for the Northern District of California, pursuant to 28 U.S.C. § 1441.

12

13   Dated: March 5, 2008                  DRINKER BIDDLE & REATH LLP

14

15                                       DONALD F. ZIMMER, JR.
                                    KRISTA L. COSNER

16                                       Attorneys for Defendants

17                                       SMITHKLINE BEECHAM
                                    CORPORATION dba

18                                       GLAXOSMITHKLINE and McKESSON
                                    CORPORATION

19

20

21

22

23

24

25

26

27

28

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
JERRY KELLUM as personal representative of GEORGE L. KELLUM, JR. (deceased)

## DEFENDANTS
SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE, and McKESSON CORPORATION,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Louisiana
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Philadelphia, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David C. Andersen
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
(540) 672-4224

ATTORNEYS (IF KNOWN)
Donald F. Zimmer, Esq.
Krista L. Cosner, Esq.
Drinker Biddle & Reath
50 Fremont St., 20th Floor
San Francisco, CA 94105

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

[ ] 1 U.S. Government Plaintiff
[X] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. Government Defendant
[X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[ ] 1 Original Proceeding
[X] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 RR & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | LABOR | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 720 Labor/Mgmt Relations | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | [ ] 446 Amer w/ disab - Other | [ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. Section 1332

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION    DEMAND $ See Below
UNDER F.R.C.P. 23    In excess of jurisdictional amount.

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE March 5, 2008    SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44